ORCASITAS *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 44.—Decided February 17, 1910.

CLASSIFICATION OF TITLE—CURABLE DEFECT—FOREIGN, CORPORATION—AUTHORIZATION OF SALE BY BOARD OF DIRECTORS.—The Southern Cotton Oil Co. ap-

, pointed Gandía & Stubbe, or any member of that firm, their attorneys in fact, to sell two rural properties situated in Porto Rico. The power of attorney was signed by the vice president and the secretary of the corporation, the latter having affixed the seal thereof to · the document. A duly authorized notary public certified to his acquaintance with the vice president, and the latter, furthermore made affidavit to the effect that he was such vice president and that he knew the seal of the company affixed by the secretary to the document by order of the board of directors. A deed of sale to the said two properties, executed by one of the members of the firm of Gandía & Stubbe, was presented at the registry of property of Caguas and recorded with the curable defect, that it had not been duly shown that the sale was authorized by the board of directors of the corporation, the Southern Cotton Oil Co. The court held, that in view of the inclusion of the said power of attorney and of the notarial certificate in the deed of sale, there was no reason whatever to hold that it contained a curable defect, and reversed the decision appealed from.

The facts are stated in the opinion.

The appellant appeared on his own behalf.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed executed in this city before Francisco Socorro y Ramos, an attorney and notary of the same, on October 18, 1909, Pedro Gandía Córdova, as managing partner of the general copartnership of Gandía & Stubbe, and in that capacity, as the attorney in fact of the Southern Cotton Oil Co., a corporation, organized under the laws of the State of New Jersey, United States of America, sold two estates to Pedro Orcasitas Muñoz, one of 15 *cuerdas* and the other of 35, situated respectively in *barrios* "Bayamoncito" and "Sumidero" within the municipal district of Aguas Buenas, having the metes and bounds set fourth in said document.

The said public deed was recorded in the Registry of Property of Caguas with the curable defect that it had not been duly established whether the sale of the two estates had been authorized by the board of directors of the Southern Cotton Oil Co. and this classification is the subject of this appeal.

Upon examining the deed to which the decision of the Registrar of Caguas refers, we find embodied therein a document executed on September 29, 1909, in which document it is stated that The Southern Cotton Oil Co. had acquired the two estates referred to by public deed, and that to sell the same it

constituted and appointed the firm of Gandía & Stubbe, or either of the partners, its agents and attorneys in fact, in witness whereof the Southern Cotton Oil Co. had caused such power of attorney to be executed, as had been done, in the name of the said corporation by its second vice president, T. Sloan Young, and its secretary, Edward E. Coles, who affixed thereto the seal of the corporation.

F. L. Palmer, a notary public in Kings County, according to certificate filed in the County of New York in the City and State of New York, United States of America, certified that he knew T. Sloan Young to be the second vice president of The Southern Cotton Oil Co. and T. Sloan Young further swore before the said notary that he was such vice president of The Southern Cotton Oil Co. and that he knew the seal of the company which its secretary, Edward E. Coles, had affixed to the document by order of the board of directors.

Under these circumstances we are at a loss to understand the reason the Registrar of Property of Caguas had for embodying in his record of the estates sold, the curable defect that it had not been duly established whether the sale thereof had been authorized by the board of directors of The Southern Cotton Oil Co.

The sale, as shown by the deed presented in the registry, was authorized by The Southern Cotton Oil Co., which for this purpose empowered its second vice president, T. Sloan Young, who, in turn, had empowered Gandía & Stubbe to make the sale.

The company itself empowered its second vice president to make the sale in question and this power the notary who attested the deed of October 18, 1909, justly held to be proper by reason of the power of attorney inserted therein in favor of Gandía & Stubbe, and it is not correct, as alleged by the registrar in his report, that F. L. Palmer, the American notary, had made the slightest indication to the effect that, in his judgment, the vice president, T. Sloan Young, had been authorized to make the sale by the board of directors of said

company, because said board of directors had not even been mentioned by said notary.

The fact cannot be questioned that the Southern Cotton Oil Co. does exist; that the vice president thereof is T. Sloan Young, and its secretary, Edward E. Coles; that the Southern Cotton Oil Co. appointed the firm of Gandía & Stubbe its attorneys in fact to sell the lands in question; that such power of attorney was to be executed by the second vice president and secretary mentioned, and that both signed the document, T. Sloan Young, the second vice president, doing so for the Southern Cotton Oil Co., and Edward E. Coles, as secretary of said company.

As the curable defect referred to by the Registrar of Property of Caguas in the decision appealed from does not exist, the latter should be reversed in so far as it sets forth the existence of such defect.

*Reversed.*

Justices Figueras, MacLeary, Wolf and del Toro concurred.